## ANDERSON v. SIMMS.

1. Finding of fact by master and Circuit Judge approved.
2. A release of a trustee under the hands and seals of the parties in interest, obtained by the trustee by no other than fair and just dealing, operated to discharge the trustee from further claims of the adult parties.
3. Money was held in trust for a woman for life, and at her death to be equally divided between her children then living. Less than was due was paid by the trustee to this woman, she and her children acknowledging under seal that this payment was in discharge of all liability by the trustee under his trust. *Held*, that the life estate was thereby relinquished, the remainders vested, and the trust repudiated by the trustee, and from that time the statute of limitations commenced to run in his favor.
4. As to an infant party to this release, the statutory period of six years having expired before she attained her majority, she was allowed by law the further period of one year, but no longer, within which to bring her action. *Code,* § 122.

Before FRASER, J., Barnwell, December, 1887.

This was an action by the three children of Sarah Weathersbee, deceased, against the administrator and children of E. D.

Owens, deceased—a daughter of Sarah Weathersbee, whose residence was unknown, being also made a defendant. The release, upon which defendants relied, was dated March 20, 1873, was signed and sealed by Sarah Weathersbee and the three plaintiffs, and read as follows:

"SARAH WEATHERSBEE, *et al.*, *Plaintiff*,

*v.*

"E. D. OWENS, *Defendant.*

"Received of E. D. Owens, two hundred dollars, in settlement of the above case, and this receipt therefor is intended by us, the undersigned, as a discharge in full to the said E. D. Owens, as a discharge of all liability as trustee for Sarah Weathersbee and family, under the will of Griffin Owens, deceased."

The Brief makes no other mention of the case stated as a caption to this release. Other matters are stated in the opinion of this court. The Circuit decree was as follows:

The defendants interested in the exceptions before me are the heirs at law and distributees of Griffin Owens, the trustee. I concur with the master as to the amount of the trust estate, for which the plaintiffs would be entitled to judgment if there had been no bar to it or no payment made on it. The plaintiffs were never entitled to interest on the fund in the life-time of their mother. For this, if there is any liability, it is to her executor or administrator.

Two of these plaintiffs, remaindermen, were parties to the bills in equity, which have been introduced in evidence as to this case, and of which the amount of the trust estate has been fixed, and could very easily have known what that amount was; and the other plaintiff, who was a minor at the date of the receipt, could have easily obtained from the master and the other plaintiffs a knowledge of the true state of facts. The trustee is never liable absolutely as an insurer or even a debtor for the amount of the trust estate. He is only liable for due care in making investments and collecting them in. It is very hard now to say what unavoidable losses occurred between 1853 and 1873, the date of the release executed by these plaintiffs under their hand and

seals, or how much of the *corpus* had been used improperly, it may be by the life tenant and the remaindermen themselves by the consent of the trustee. The life tenant, Mrs. Weathersbee, and the trustee, Owens, are both dead, so it is impossible now to ascertain the exact facts. There has not been sufficient evidence of fraud or mistake to reopen this settlement as to those who were adults when it was made.

The plaintiff, Emma L. Anderson, was a minor at the date of the release, and as to her the release was voidable. It was, however, an act on the part of the trustees throwing off the trust. The remainders were vested and the act in which the life tenant joins, amounted to a surrender to the remaindermen, and as to the adults the statute of limitation then commenced to run. As to the minor the statute would have been suspended until she became of age, and formerly would from that time have run the full statutory period before the bar became complete. Under the code as it now stands, the period of protection, if more than six years, could not extend beyond one year after the removal of the disability of infancy. I am not able, therefore, to agree with the master, and think her claim is barred by the statute of limitation.

What would be the effect of a judgment by default against the administrator of the trustee, if taken in a proceeding to which the heirs and distributees were not parties, it is not necessary to consider. Whenever a final judgment is rendered in a cause, any relief not granted thereby is considered as refused. Tested by the rule, the judgment against Simms, the administrator in this case, would exempt the heirs and distributees from liability, rather than subject them to it, in regard to the claims of the plaintiff. It certainly never was the purpose of the judgment against the administrator to prejudge the defences set up by the heirs and distributees.

It is therefore ordered and adjudged, that the exceptions and report of the master be sustained so far as they agree with these views, and overruled so far as they do not; and that the complaint be dismissed as to the defendants, Alfred Owens, Dickson Owens, Margaret A. Anderson, Emeline A. Green, Ellen H. Green, and Sylvania Penwell, with costs to be paid by the plaintiff.

*Messrs. W. A. Holman* and *C. C. Simms*, for appellants.

*Mr. L. T. Izlar,* contra.

September 21, 1888. The opinion of the court was delivered by
MR. JUSTICE McGOWAN. The facts will sufficiently appear
from the "agreed statement of the case," which is as follows:

"Griffin Owens departed this life A. D. 1852, leaving of force
and unrevoked his last will and testament, and by said will the
said testator devised to his daughter, Sarah Widener, afterwards
Weathersbee, property consisting of lands, money, and negroes,
and by said will the testator appointed his son, E. D. Owens,
trustee, to take, receive, and hold the said property, or the pro-
ceeds that might arise from the sale thereof, for the sole and sep-
arate use and benefit of his said daughter Sarah, for and during
her natural life, paying to her the annual income thereon, and
after the death of his said daughter the estate was to be divided
equally between the children of his said daughter as might be
alive at that time. The said E. D. Owens accepted the trust
imposed by said will, and received property on account of his said
wards of various kinds, as before stated, and that shortly after
receiving the same the entire trust property was converted into
money during the year 1852. These plaintiffs are the surviving
children of the said Sarah Weathersbee.

"A bill was filed in the Court of Equity for Barnwell District,
1853, by the trustee, against Mrs. Weathersbee and two of the
plaintiffs, Evan Widener and Estes S. Weathersbee, who were then
minors. The purpose of said bill was to allow the trustee to
make a sale of a tract of land to his wards, conveying it to them
upon the limitations and conditions as set forth in the will of the
said testator, and to allow the trustee (E. D. Owens) to appro-
priate so much of the trust funds in his hands as was necessary
for the payment of the purchase money of said tract of land.
The matter was referred to the commissioner in equity, to ascer-
tain the advisability of the sale by the trustee of the said tract of
land to his wards, and to report generally upon the amount and
condition of the trust estate, and of what it consisted. The com-
missioner made his report, advising and recommending the sale,

and reported further, that after deducting the purchase money of the said tract of land from the funds in the hands of the trustee, that there still remained a balance of $360.90, and that the same consisted entirely of money. This report was made February, 1856. The same was confirmed and the sale ordered to be made.

"Nothing further was ever paid by the trustee to his wards, either *corpus* or interest, until 1873, when the trustee paid to Mrs. Weathersbee $200, taking the receipt which is set out in full by the master in his report. When this receipt was signed, the plaintiff, Emma L. Anderson, was only 12 or 13 years of age. Both the trustee and the life tenant are now dead, the life tenant having died 1881, and trustee on October 19, 1873. The trustee, shortly before his death, conveyed all of his real estate to his children named in the master's report herein, for the purpose of a division, in consideration of natural love and affection. The estate of Owens is now totally insolvent, his children having appropriated what personal estate was left to their own use immediately after his death (E. D. Owens's) without any administration being granted. The trustee Owens predeceased the life tenant, Sarah Weathersbee, by about nine years," &c.

The master found, as matter of fact, that there was no fraud in the settlement, and bars all of the plaintiffs, except Emma L. Anderson, who, when she signed the release, was an infant thirteen years old, and finds for her $168.50. To this report there were exceptions, and his honor, Judge Fraser, sustained the exceptions and dismissed the complaint, and from this decree the plaintiffs appeal upon the following exceptions :

"1. Because the court erred in holding that the plaintiff, Emma L. Anderson, was charged with notice of the character and conditions of the trust estate, from certain proceedings had in the Court of Equity in regard thereto, in the year 1856, when as a matter of fact she was not born at that time, and it was error of law for his honor to hold that she was bound by said proceedings; because, as his honor says, 'She could easily have obtained from her trustee and the other plaintiffs a knowledge of the true state of facts.'

"2. Because the court erred in considering any losses that

might have been sustained by the trust estate between the years 1856 and 1873, when no such issue had been raised by the pleadings.

"3. Because the court erred in holding that the giving of the receipt to the trustee by the plaintiffs and the life tenant, was such a relinquishment and surrender of the life estate by the life tenant to the remaindermen, as would cause the accrual of their rights, so that they could bring an action before the death of the life tenant.

"4. Because the court erred in holding that this action was barred by the statute of limitations, and that the statute commenced to run from the date of said receipt, 1873; when, as matter of law, the statute did not commence to run against the plaintiffs until the falling in of the life estate, which, it is submitted, accrued upon the death of the life tenant in 1881; and this action having been commenced within *six* years from the death of the life tenant, the plaintiffs are not barred by the statute.

"5. Because his honor erred in holding that the plaintiff, Emma L. Anderson, who was an infant at the time said receipt was given, is bound by the same, and that the statute commenced to run against her from that time.

"6. Because the court erred in holding that the trustee abandoned his trust at the date of said receipt (1873), when, as matter of fact, he continued to exercise the duties thereof, even after said receipt was given, as is alleged in the complaint herein and admitted by the answer."

There must be a misapprehension in the last ground of appeal, for it clearly appears in the "Case" that the trustee died in the same year (1873) in which the settlement and receipt were given.

As we understand it, the plaintiffs only claim the balance in money, $360.90, which remained after deducting the price of the land directed by the court to be conveyed to the *cestuis que trust.* After the war (1873) the parties settled upon the payment of $200, and the receipt contained these words, "intended by us as a discharge in full to the said E. D. Owens, as a discharge of all liability as trustee for Sarah Weathersbee and family under the will of Griffin Owens, deceased." There was no evidence of im-

position or fraud. The master found as matter of fact, that the discharge was obtained "by no other than fair and just dealing." In this finding the Circuit Judge concurred; and by the well settled rule, this court will not undertake to review it. The adults thereby discharged the trustee.

The only question, then, before us is, whether Emma L. Anderson, who was a minor at the time she executed the receipt and discharge, is barred by the statute of limitations. The master held that she was not barred and found for her $168.50; but the judge reversed the finding and dismissed the complaint as to all the defendants except W. Gilmore Simms, as administrator of the derelict estate of E. D. Owens, the trustee. The trustee, Owens, died in 1873. Sarah Weathersbee, the life tenant, died in 1881, leaving alive her children, the plaintiffs. Emma L. Anderson, the minor, at the execution of the discharge (March, 1873) was about 13 years of age, and attained her majority in 1881, and the action was not brought until April, 1886, at least five years after. The judge says: "The plaintiff, Emma L. Anderson, was a minor at the date of the release, which as to her was 'voidable.' It was, however, an act on the part of the trustee 'throwing off the trust.' The remainders were vested, and the act in which the life tenant joined, amounted to a surrender to the remaindermen, and as to adults the statute of limitations then commenced to run. As to the minor, the statute would have been superseded until she became of age, and formerly would, from that time, have run the whole statutory period before the bar became complete. Under the code as it now stands, the period of protection, if more than six years, could not extend beyond one year after the removal of the disability of infancy. I am not, therefore, able to agree with the master, and think her claim is barred by the statute of limitations," &c.

We agree with the Circuit Judge that the trustee, at the time the receipt in full and discharge were given, threw off and repudiated his trust, the life estate was relinquished, the remainders vested, and the statute commenced to run. *Ihley* v. *Padgett*, 27 S. C., 300. It was suspended as to the minor until about 1881, when she attained her majority, and she had one year thereafter within which to bring her action. "The time of such

disability is not a part of the time limited for the commencement of the action, except that period within which the action must be brought cannot be extended more than five years by any such disability except infancy; nor can it be so extended in any case longer than one year after the disability ceases." *Code*, section 122.

This makes it unnecessary to go into the question as to the liability of the lands of the deceased trustee, in the possession of his heirs under the deeds of gift from him.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.